The Honorable M.W. (Mike) Dugger State Representative Route 2, Box 228 Hope, AR 71801
Dear Representative Dugger:
This is in response to your request for an opinion on the question of whether money collected through the "tourism tax" can be used to fund the Hope-Hempstead County Arts Council.
I assume, as an initial matter that this question pertains to the hotel and restaurant tax authorized under A.C.A. 26-75-601 et seq., sometimes referred to as the "hamburger tax."
A review of this body of law indicates that the answer to your question turns on A.C.A. 26-75-606 (Supp. 1989), which governs the use of the funds collected. Subsection (a) of 26-75-606
(Supp. 1989) states in pertinent part as follows:
 (1) All funds credited to the city advertising and promotion fund pursuant to this subchapter shall be used for advertising and promoting the city and its environs or for the construction, reconstruction, extension, equipment, improvement, maintenance, repair, and operation of a convention center in the city, and facilities necessary for, supporting, or otherwise pertaining to, a convention center, or for the payment of the principal of, interest on, and fees and expenses in connection with, bonds as provided in this subchapter in the manner as shall be determined by the city advertising and promotion commission.
 (2) The commission is the body that determines the use of the city advertising and promotion fund. Pursuant to this section, if the commission determines that funding of the arts is necessary for or supporting of its city's advertising and promotion endeavors, it can use its funds derived from the hotel and restaurant tax. [Emphasis added.]
It is thus apparent that the legislature has authorized the use of hotel and restaurant tax funds for the "funding of the arts", if the advertising and promotion commission ("commission") makes the requisite determination, i.e., that such funding is "necessary for or supporting of its city's advertising and promotion endeavors."
With regard to your specific question involving the Hope-Hemstead [Hope-Hempstead] County Arts Council, it seems reasonable to conclude that "funding of the arts" would be achieved through a use of funds for an arts council. While a conclusive determination would require consideration of the particular facts and circumstances surrounding this organization, such a use of funds would, in my opinion, in all like[l]ihood fall within the authority granted in26-75-606(a)(2).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.